[Civ. No. 2522.   First Appellate District.—August 19, 1918.]

## JAMES A. SNOOK et al., Respondents, v. ALLIE LORENA FIELDEN, Appellant.

CHATTEL MORTGAGE — FORECLOSURE — DEFENSE OF FALSE REPRESENTA-
TIONS—FINDINGS FOR PLAINTIFF SUSTAINED BY EVIDENCE.—In this
action to foreclose a chattel mortgage, executed as security for a
note given as a first payment on a contract for the purchase of
land, where the defense was that defendant was induced to execute
the contract by false representations respecting the character and
value of the land, findings of the trial court negativing the falsity
of the representations, and also to the effect that the defendant,
after entering into the contract, affirmed it, with full knowledge of
all the facts, are found to be amply supported by the evidence.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

South & Ross, for Appellant.

L. N. Barber, for Respondents.

LENNON, P. J.—The plaintiffs brought this action to fore-close a chattel mortgage executed by defendant as security for the payment of a promissory note given by her as first payment upon a contract for the purchase of thirty acres of land situated in Fresno County, belonging to the Fresno Farms Company, the assignor of plaintiffs.   The foreclosure was resisted by the defendant, who set up in her answer that the contract in connection with which the mortgage was given was entered into by her only through and by means of the false representations of the plaintiff's agents.   After trial the court awarded plaintiffs judgment as prayed, and defendant appeals.

The sole ground urged in support of the appeal is that cer-tain findings of the court negativing the claims of defendant as to the falsity of the representations in question are not supported by the evidence.

The representations alleged to be false by defendant's answer were that the land forming the subject of the contract

was free from hard-pan; that water in abundance was to be had upon it at all times under a water right appurtenant to the land; that the land was well adapted to the growing of vines, trees, and alfalfa, and that it was of the value of $150 per acre—the price which defendant agreed to pay for it.

The court, in its findings IV, V, and VI—which are the findings attacked by the appellant as unsupported by the evidence—declared that the land was in fact free from hard-pan; that there was appurtenant to it a water supply sufficient for all reasonable and necessary irrigation and available for defendant's use; that at the time of making the representations complained of the plaintiffs believed upon reasonable grounds that the land was well adapted to the growing of vines, trees, and alfalfa and was of the value of $150 per acre. The court in the findings attacked also found that the defendant was experienced in farming and familiar with the value and character of land, and that she made an examination of this particular tract before entering into the contract; and finally, that after entering into the contract she affirmed the same with full knowledge of all the facts concerning the truth or falsity of the representations in question.

It is unnecessary to set out in detail the evidence upon which these findings of the court are based. An attentive study of the record has convinced us that they are amply supported by the testimony introduced, and that, therefore, there is no merit in this—the sole contention of the appellant. The judgment is, therefore, affirmed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.